IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| RENEE BEAUFORD,<br>    PLAINTIFF,<br><br>v.<br><br>SPIRE RECOVERY SOLUTIONS LLC, and<br>HUNTINGTON DEBT HOLDING LLC,<br>    DEFENDANTS | Case No. 2:24-cv-04424-DCN |

## PLAINTIFF'S COMPLAINT

1. This action arises out of violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, and the South Carolina Consumer Protection Code, S.C. Code Ann. § 37-5-108, *et seq.* by Defendants Spire Recovery Solutions LLC ("Spire") and Huntington Debt Holding LLC ("HDH") (Spire and HDH collectively referred to as "defendants").

2. Supplemental Jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), in that Spire transacts business in this judicial district and a substantial portion of the acts giving rise to this action occurred in this District.

5. Plaintiff resides in this District.

## PARTIES

6. Plaintiff, Renee Beauford ("Plaintiff"), is an adult individual residing in Dorchester County, South Carolina, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3) and S.C. Code Ann. § 37-1-301(10) and a "debtor" as the term is defined by S.C. Code Ann. § 37-1-301(14).

7. Spire is a New York limited liability company operating from near Buffalo, NY.

8. Spire, which is registered to do business in South Carolina, can be served in this state or wherever it may be found in accordance with the Federal Rules of Civil Procedure.

9. Spire advertises on it's website (www.spirerecoverysolutions.com/about-us) (last visited March 31, 2024) states the following:

> Spire Recovery Solutions is a . . . collection agency headquartered in Lockport, NY. We're focused on bringing creditors and consumers together for . . . account resolution. We contact consumers and businesses on behalf of our creditor clients to find . . . solutions for repayment of overdue account balances, regardless of where the account is in the credit cycle.

10. The principal purpose of Spire is the collection of debts using the mails and telephone and other means.

11. Spire regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

12. Spire is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and S.C. Code Ann. § 37-1-301(28) and a "creditor" as the term is defined by S.C. Code Ann. § 37-1-301(13).

13. HDH is a business entity operating from the Buffalo, New York area.

14. HDH, which is registered to do business in South Carolina, can be served in this state or wherever it may be found in accordance with the Federal Rules of Civil Procedure.

15. HDH advertises on its website (https://huntingtondebtholding.com) (last visited April 25, 2024):

> Huntington Debt Holding, LLC is a professionally licensed receivables management firm that specializes in the acquisition and management of non-performing accounts receivable portfolios.

16. The principal purpose of HDH is the collection of debts using the mails and telephone and other means.

17. HDH regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

18. HDH is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

19. At some time in the past, Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes, namely an amount due and owing on a personal account (hereinafter the "Account"). Specifically, the account is alleged to be a debt owed or formerly owed to Check-N-Go as a result of an alleged pay day loan, the funds from which were used for various personal effects, but not for any business or commercial purpose whatsoever.

20. The Account constitutes a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and a "consumer credit transaction" as that term is defined by S.C. Code Ann. § 37-1-301(11).

21. The Account allegedly went into default.

22. Plaintiff admits the existence of the Account, but disputes the amount Spire attempted to collect from her.

23. Plaintiff requests that Spire cease all further communications regarding the Account.

24. After the Account allegedly went into default, the Account was purchased by HDH for the purpose of collecting all or a portion of the balance allegedly owed.

25. Thereafter, HDH placed the Account with Spire for collection.

3

26. During the one year prior to the filing of this complaint, Spire called Plaintiff's mother and left a voicemail for Plaintiff's mother that disclosed to Plaintiff's mother that a debt collector was calling for Plaintiff.

27. Spire also called Plaintiff's father and told him Plaintiff had a loan that needs to be paid and that Plaintiff needs to call back to Spire to resolve the Account.

28. Spire did not have Plaintiff's consent or authorization to inform her mother or her father that Plaintiff had an account in default.

29. Plaintiff was humiliated and embarrassed to know that Spire had told her parents about the default status of an account.

30. Spire left another voicemail for Plaintiff that stated:

> Renee Beauford, this is Sarah with SRS. I'm giving you a call because I do need to update the status of this matter to prevent it from being recalled by our client. I'll be in the office until 4:30 central time today, and again, my number here is 214-272-2538. This is an attempt to collect a debt by a debt collector. Thank you.

31. Spire left another voicemail for Plaintiff which stated:

> This is a very urgent and time-sensitive message from SRS. Please kindly return our call using the number on your caller ID as soon as possible to be connected with a live representative who may better assist you. Again, please return our call at your earliest convenience. Thank you and have a wonderful day.

32. The two voicemails described in the two paragraphs above were false and misleading in that the message from Spire was not "very urgent and time sensitive." Further, when the message described above was left for Plaintiff, HDH was not about to recall the account. The purpose of these messages was to falsely cause Plaintiff to believe that if she did not act immediately to agree to a repayment plan that SRS agreed to, HDH would move forward with more perilous collection techniques to recover the account.

4

33. The language used by Spire in the messages described above would cause the least sophisticated consumer to believe that if she did not act immediately to agree to a repayment plan that SRS agreed to, HDH would move forward with more perilous collection techniques to recover the account.

34. However, despite these representations, HDH had no intention of ever suing Plaintiff on the Account or using more perilous collection techniques than merely calling Plaintiff to request repayment.

35. Spire also left a voicemail for Plaintiff that stated, "Hello, this is Emily with SRS. Please return my call at (855) 302-1030. Again, that is (855) 302-1030."

36. The voicemail message described above failed to inform Plaintiff that the caller was a debt collector.

37. In addition to the voicemails, Plaintiff also spoke with Spire on the phone and when Plaintiff informed Spire that she could not afford to make any additional payments and to stop calling, Spire told her something that was substantially similar to "we will get our money one way or another."

38. The statements described in the paragraphs above were made to Plaintiff in order to cause her to fear that Spire was about to sue Plaintiff and/or use involuntary methods of collection to recover the amount owed on the Account despite the fact that Spire had no intention of suing Plaintiff and had no legal right to involuntary collection methods to recover the Account.

39. Plaintiff believed that this meant Spire would sue her and/or use involuntary collection methods such as wage garnishment and bank levy to recover funds to satisfy the Account.

40. The least sophisticated consumer would believe that the statements by Spire regarding getting money one way or another would mean that Spire would sue her and/or use involuntary collection methods such as wage garnishment and bank levy to recover funds to satisfy the Account.

41. Also in a live conversation with Spire, Plaintiff requested that Spire stop calling her and her family members about the Account.  Spire replied to her that it would not stop calling her family members and her.

42. The language used by Plaintiff in her request conveyed to Spire that the calls to her were inconvenient.

43. To this day, Spire continues to call Plaintiff despite Plaintiff's request that the stop.

44. In a prior call with Spire, Plaintiff requested that Spire stop calling her at work, but Spire continued calling her at work anyway.

45. Spire failed to ever provide Plaintiff with notice of her rights to dispute the validity of the debt in question.

46. In almost every verbal communication, Spire failed to inform Plaintiff that it was a debt collector or that it was attempting to collect a debt or that any information obtained from Plaintiff would be used for the purpose of debt collection.

47. Spire failed to provide Plaintiff with meaningful disclosure of its identity in one or more of its phone calls with Plaintiff.

48. In addition to the verbal communications described above, on or about April 24, 2024, Spire sent Plaintiff a letter via email which stated, "This letter is to confirm our agreement to settle the above referenced account. If the payment(s) is returned for any reason the settlement will be null and void."

49. The language used in the letter described above was false and misleading as Plaintiff had not spoken with Spire about settling the Account, had not agreed to any settlement amount and had not provided Spire with any information concerning payment of the phantom "settlement."

50. The false statements contained in the letter discussed above caused Plaintiff considerable frustration and worry about whether her identity had been stolen.

51. On information and belief, this false language was used to trick Plaintiff into calling Spire so that Spire could further attempt to collect the Account balance from her.

52. On information and belief, Spire failed to inform Plaintiff of her right to dispute and/or request validation of the Account.

53. The telephone calls and/or emails described above each constituted a "communication" as defined by 15 U.S.C. § 1692a(2).

54. The only reason that Spire and/or representative(s), employee(s) and/or agent(s) of Spire made telephone call(s) and/or sent emails to Plaintiff was to attempt to collect the Account.

55. All of the conduct by Spire and/or its employees and/or agents alleged in the preceding paragraphs was done knowingly and willfully.

56. Spire and its respective agents and employees told Plaintiff the above false information in order to trick, deceive and manipulate Plaintiff into transmitting money to Spire.

57. As a consequence of Spire's collection activities and communication(s), Plaintiff seeks damages pursuant to 15 U.S.C. § 1692k(a) and S.C. Code Ann. § 37-5-108(2).

**RESPONDEAT SUPERIOR**

58. The representative(s) and/or collector(s) at Spire were employee(s) and/or agents of Spire at all times mentioned herein.

59. The representative(s) and/or collector(s) at Spire were acting within the course and/or scope of their employment at all times mentioned herein.

60. The representative(s) and/or collector(s) at Spire were under the direct supervision and control of Spire at all times mentioned herein.

61. The actions of the representative(s) and/or collector(s) at Spire are imputed to their employer, Spire.

62. The representative(s) and/or collector(s) at Spire were agents of HDH at all times mentioned herein and they acted within the scope and course of their agency at all times mentioned herein.

63. The actions of Spire are imputed to their principal, HDH.

### COUNT I:  VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

64. The previous paragraphs are incorporated into this Count as if set forth in full.

65. Spire violated 15 U.S.C. § 1692c(a)(1)&(3)&(b) and 15 U.S.C. § 1692d(6) and 15 U.S.C. § 1692e(2)&(5)&(8)&(10)&(11) and 15 U.S.C. § 1692g.

66. Plaintiff suffered actual damages as a proximate result of the actions or inactions of Spire.

67. Pursuant to 15 U.S.C. § 1692k Plaintiff seeks actual and statutory damages, reasonable attorney's fees and costs from Spire and HDH.

### COUNT II:  VIOLATIONS OF THE SOUTH CAROLINA CONSUMER PROTECTION CODE, S.C. CODE ANN. § 37-5-108, et seq.

68. The previous paragraphs are incorporated into this Count as if set forth in full.

69. Spire violated S.C. Code Ann. § 37-5-108((5)(b)(i)&(iv)&(5)(c)(i)&(ii).

70. Plaintiff suffered actual damages as a proximate result of the actions or inactions of Spire.

71. Pursuant to S.C. Code Ann. § 37-5-108(2) Plaintiff seeks an injunction and actual and statutory damages from Spire and HDH.

## JURY TRIAL DEMAND

72. Plaintiff is entitled to and hereby demands a trial by jury.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff requests that the Court grant the following:

73. Judgment in favor of Plaintiff and against Spire as follows:

    a. Actual damages pursuant to 15 U.S.C. 1692k(a)(1);

    b. Statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2);

    c. Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3);

    d. Actual damages pursuant to S.C. Code Ann. § 37-5-108(2);

    e. Statutory damages an amount not less than $100.00 nor more than $1,000.00 pursuant to S.C. Code Ann. § 37-5-108(2);

    f. An injunction prohibiting Plaintiff from acting the manner described herein pursuant to S.C. Code Ann. § 37-5-108(2); and

    g. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

MARY LEIGH ARNOLD P.A.

/s/ Mary Leigh Arnold
-------------------------------
Mary Leigh Arnold (Fed. Id. No. 3856)
sammie@maryarnoldlaw.com
749 Johnnie Dodds Blvd, Suite B
Mount Pleasant, S.C. 29464
p. 843.971.6053
ATTORNEY FOR PLAINTIFF